

IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNISTAFF, INC.,<br>14510 Kenmont Drive<br>Midlothian, Virginia 23113 | ) <br> ) <br> ) <br> ) |
| UNISTAFF, LLC,<br>14510 Kenmont Drive<br>Midlothian, Virginia 23113 | ) <br> ) <br> ) <br> ) Case No. 3:09CV431 |
| ROBERT AND HELEN DAVISON,<br>14510 Kenmont Drive<br>Midlothian, Virginia 23113 | ) <br> ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) <br> ) |
| KOOSHAREM CORPORATION,<br>d/b/a   SELECT STAFFING<br>3820 State Street<br>Santa Barbara, California 93105 | ) <br> ) <br> ) <br> ) |
| Service of Process:<br>c/o Secretary of the Commonwealth | ) <br> ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

## COMPLAINT

Plaintiffs Unistaff, LLC, Unistaff, Inc., and Robert and Helen Davison, by counsel, and

for their Complaint against Koosharem Corporation d/b/a Select Staffing ("Defendant"), allege

as follows:

## PARTIES

1.      Plaintiff Unistaff, LLC is a Virginia limited liability company with its principal place of business in Midlothian, Virginia. Its members are residents and/or citizens of the Commonwealth of Virginia.

2.      Plaintiff Unistaff, Inc. is a Virginia corporation with its principal place of business in Midlothian, Virginia. Its members are residents and/or citizens of the Commonwealth of Virginia.

3.      Plaintiffs Robert and Helen Davison are residents and/or citizens of the Commonwealth of Virginia.

4.      Defendant Koosharem Corporation is a California corporation with its principal place of business in Santa Barbara, California.


## JURISDICTION AND VENUE

5.      Plaintiffs incorporate paragraphs 1 through 4 of this Complaint as if fully set forth herein.

6.      This Court has jurisdiction over this dispute pursuant to 28 U.S.C. §1332 because it is between citizens of different States, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

7.      Venue is proper in this Court under 28 U.S.C. §§ 1391(a) and 1391(b) because a substantial part of the events and omission material to Plaintiffs' cause of action occurred in this District, the property that is the subject of the action is situated in this District, and the defendant is subject to personal jurisdiction in this District at the time this action is commenced.

8.    Additionally, the plaintiffs and defendant selected the Courts of the Commonwealth of Virginia as the proper venue for any lawsuits resulting from their agreement. **See Promissory Note attached as Exhibit A.**

## FACTS COMMON TO ALL COUNTS

9.    Plaintiffs incorporate paragraphs 1 through 8 of this Complaint as if fully set forth herein.

10.    On March 12, 2008, plaintiffs and defendant entered into an agreement whereby plaintiffs sold personal property, sublet leases, and provided consulting services to the defendant. **See Bill of Sale attached as Exhibit B.**

11.    In exchange, the defendant agreed to pay $465,000.00 on March 17, 2008 and eight (8) consecutive, equal and quarterly installments of $322,414.98. **See Exhibit A.**

12.    The defendant failed to make the payment due on June 17, 2009.

13.    On June 18, 2009, plaintiffs sent written notice to the defendant of its default pursuant to the Promissory Note. **See correspondence attached as Exhibit C.**

## CAUSES OF ACTION

### Count I – Breach of Contract

14.    Plaintiffs incorporate paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15.    The Bill of Sale and Promissory Note are valid and enforceable contracts.

16.    The defendant has materially breached the Bill of Sale and Promissory Note by failing to pay the amount due on June 17, 2009.

3

17.    As a proximate result of the defendant's material breach, plaintiffs have been damaged in the amount of $322,414.98 plus interest, attorney's fees and collection expenses.

18.    Pursuant to the terms of the Promissory Note, the plaintiffs are also entitled to recover late fees in the amount of ten (10) percent or $32,241.49 and attorney's fees and collection expenses.

## Count II – Unjust Enrichment

19.    Plaintiffs incorporate paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20.    Plaintiffs conferred significant benefits on the defendant by providing title and interest to their assets.

21.    The defendant will be unjustly enriched it if is permitted to retain title and interest to the property without payment to the plaintiffs.

22.    As a proximate result of the defendant's wrongful conduct, the plaintiffs have been damaged in the amount of $322,414.98 plus interest.

WHEREFORE the plaintiffs respectfully request that that judgment in the amount of $322,414.98 against the defendant, plus interest, late fees in the amount of $32,241.49 and attorney's fees, collection expenses, and any other relief that the Court deems proper.

UNISTAFF, LLC
UNISTAFF, INC. and
ROBERT AND HELEN DAVISON

By: _____
                    Of Counsel

4

Mark C. Nanavati, Esquire (VSB # 38709)
SINNOTT NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia  23114
(804) 378-7600
(804) 378-2610 (fax)

EXHIBIT

A

COPY

**Exhibit A to Bill of Sale**
## SUBORDINATED PROMISSORY NOTE

**$2,852,500.00**                                                    **March 12, 2008**

FOR VALUE RECEIVED, Koosharem Corporation, d.b.a. Select Staffing, a California corporation ("**Promisor**"), hereby promises to pay to Unistaff, LLC, Unistaff, Inc., Robert J. Davison, and Helen P. Davison (in the singular "***Promisee***"), the sum of Two Million Eight Hundred Fifty-two Thousand Five Hundred Dollars ($2,852,500.00), with interest at the rate of seven percent (7%) per annum commencing on March 17, 2008 (the "Effective Date"). Capitalized terms used in this Note that are not otherwise defined herein shall have the meaning ascribed to them in the Bill of Sale dated even date herewith between the parties (the "Bill of Sale").

Unistaff, Inc. is hereby appointed as agent for collection of all payments under this Note. Upon collection of any amount under this Note by Unistaff, Inc., Promisor shall be relieved of all obligations for payment of such collected amount, and Unistaff, Inc. shall immediately pay out or retain such payment in accordance with the following percentages:

Unistaff, LLC - 60%
Unistaff, Inc. - 40%

Unless sooner paid, the outstanding principal of this Note and all interest shall be paid in eight (8) consecutive quarterly installments as follows:

1.       On March 17, 2008, a payment of principal only of $465,000.00 in immediately available funds shall be wired to Promisee pursuant to written wire instructions to be provided for by Promisee; and,

2.       thereafter in eight (8) consecutive, equal, quarterly installments of principal and interest at the rate first stated above of Three Hundred Twenty Two Thousand Four Hundred Fourteen and 98/100 Dollars ($322,414.98) with one such payment due on June 17, 2008, September 17, 2008, December 17, 2008, March 17, 2009, June 17, 2009, September 17, 2009, December 17, 2009, and March 17, 2010 all in immediately available funds wired to Promisee pursuant to written wire instructions to be provided for by Promisee.

This Note shall mature on March 1, 2010, at which time all accrued and unpaid interest and all unpaid principal shall be due and payable in full, and time shall be of the essence with respect to the obligations of the parties to this Note.

This Note may be prepaid in whole or in part at any time. There shall be no prepayment penalty. No prepayment shall postpone or affect the due date or the amount of any subsequent installments due under this Note.

All payments under this Note shall be applied first to the payment of late charges, then to expenses, if any due under this Note, then to interest accrued but unpaid under this Note, and then to the unpaid principal of this Note.

In the event any installment under this Note is not physically received by the Promisee within ten (10) days of the date when due, a late payment charge may be imposed equal to ten percent (10.0%) of the installment due.

This Note is delivered pursuant to the Bill of Sale (defined above), in which Seller has agreed to defend, indemnify, and hold harmless Promisor and Promisor's affiliates, directors, officers, and employees for any and all losses, liability, expense, and claims for damage of any nature whatsoever (the "Liabilities"), which Promisor may incur, suffer, or become liable for, or which may be asserted against Promisor, as a result of the acts, efforts, or omissions of Seller or Seller's employees prior to the Effective Date, including but not limited to property damage, third party claims, and/or work-related injuries suffered as an individual. If Promisor asserts in good faith that it has a potential claim for Liabilities ("Claim") and Promisor notifies Seller in writing of such Claim, then Seller shall have thirty (30) days thereafter to cause Promisor to be relieved of all of the Liabilities relating to such Claim. If after such thirty (30) day period Promisor is not reasonably satisfied that it has been relieved or otherwise adequately held harmless or indemnified from the Liabilities arising out of the Claim and so notifies Seller of this decision within ten (10) days after the expiration of the thirty (30) day period, then the amount of such Claim shall become a "Disputed Amount" and Promisor shall make payment of the Disputed Amount to the Escrow Agent under the Escrow Agreement attached as Exhibit E to the Bill of Sale, and such payment of a Disputed Amount made in accordance with this paragraph shall be deemed timely payment under this Note. If Promisor asserts a Claim and makes payment of a Disputed Amount to the Escrow Agent pursuant to the Escrow Agreement and if such Claim is decided in favor of Seller, then Promisor shall pay Seller interest at the rate of seven percent (7%) on the Disputed Amount and late charges in accordance with this Note. Notwithstanding the provisions of this paragraph, all payments due under this Note that are not a Disputed Amount shall continue to be timely made by Promisor to Promisee.

In addition to any other remedy available to Promisor and if Helen P Davison or Robert J. Davison is in breach of his or her obligation under Paragraph 6 of their respective consulting agreements of even date herewith (the "Unfair Practices"), then, without limiting Promisor's other remedies, Pomisor may take the following actions: First, notify Seller in writing of such breach, and Robert J Davison or Helen P Davison, as the case may be, shall then have five (5) days from receipt of such notice to cease the conduct that is an Unfair Practice; and, second, if Promisor is not reasonably satisfied that Robert J. Davison or Helen P. Davison has ceased the Unfair Practice, Promisor may deposit payment of the amounts payable under the Note as a Disputed Amount until such Unfair Practice(s) cease, and Promisor shall make payment of such Disputed Amounts to the

2

Escrow Agent under the Escrow Agreement attached as Exhibit E to the Bill of Sale, and such payment of a Disputed Amount made in accordance with this paragraph shall be deemed timely payment under this Note.

The occurrence of any one or more of the following events, and the expiration of any applicable cure periods (hereinafter referred to as an "Event of Default") shall constitute a default hereunder, whether or not such occurrence is voluntary or involuntary or comes about or is effected by operation of law or pursuant to or in compliance with any judgment, decree or order of any court or any order, rule or regulation of any administrative or governmental authority:

1.  Promisor defaults in the due and punctual payment of any amount due under this Note, and such non-payment continues for a period of fifteen (15) days following the sending of written notice thereof by the holder of this Note to Promisor; or,

2.  Promisor is in default of any provision of this Note (other than as described in paragraph 1, above), and such default continues for a period of thirty (30) days following the sending of written notice thereof by the holder of this Note to Promisor; or,

3.  Promisor fails to cure one or more payment defaults under the Consulting Agreement between Promisor and Robert J. Davison or the Consulting Agreement between Promisor and Helen P. Davison, both dated even date herewith.

Upon the happening of an Event at Default, the entire unpaid principal balance of this Note and all accrued but unpaid interest, late fees, and other amounts due under this Note, if any, shall, at the option of the holder, immediately become due and payable. Any failure of the holder to exercise such option shall not be deemed a waiver of the right to exercise such option in the event of any subsequent Event of Default.

Notwithstanding anything herein to the contrary, the amount of interest payable under this Note shall in no event exceed the maximum amount of interest permitted to be charged by law as of the Effective Date.

Promisor agrees to pay Promisee's attorneys' fees and all of Promisee's other collection expenses, whether or not there is a lawsuit, including without limitation legal expenses for bankruptcy proceedings incurred by Promisee in the collection of this Note.

This Note has been delivered to Promisee and accepted by Promisee in the Commonwealth of Virginia. If there is a lawsuit, Promisee and Promisor agree that the proper jurisdiction and venue of any such lawsuit shall be the courts of the Commonwealth of Virginia. This Note shall be governed by and construed in accordance with the internal laws of the Commonwealth of Virginia.

All notices, requests, demands, and other communications required by this Note shall be in writing and shall be (a) delivered in person or by courier, (b) mailed by first class registered or certified mail, or (c) delivered by facsimile transmission or electronic mail, to the following addresses, or to such other address as a party may designate to the other in writing:

| | |
|---|---|
| If to Promisee: | Unistaff, Inc. or Unistaff, LLC |
| | c/o Mr. and Mrs. Robert J. Davison |
| | 14510 Kenmont Drive |
| | Midlothian Virginia 23113 |
| | Attention: Helen Davison |
| | E-mail: helen.davison@comcast.net |
| | |
| If to Promisor: | Koosharem Corporation, dba Select Staffing |
| | 3820 State Street |
| | Santa Barbara, CA 93105 |
| | Attention: Stephen Biersmith |

If delivered personally or by courier, the date on which the notice, request, instruction, or document is delivered shall be the date on which the delivery is made, and if delivered by facsimile transmission, mail, or electronic mail as aforesaid, the date on which the notice, request, instruction, or document is received shall be the date of delivery.

Promisee may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Promisor hereby waives presentment, notice of nonpayment or dishonor, protest, notice of protest, demand and all other notices in connection with the delivery, acceptance, performance, default or enforcement of this Note.

This Note is subject to that certain Subordination Agreement by and between Promisor, Bank of the West, and Promisee dated even date herewith (the "Subordination Agreement").

Except as provided in the Subordination Agreement or as specifically provided in this Note, all payments under this Note are payable without offset, deduction, or other reduction.

Subject in all cases to the Subordination Agreement, defined above, all such parties also agree that Promisee may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made.

Each individual executing this Note on behalf of an entity agrees, represents, and warrants that he or she has been authorized to execute this Note and that all necessary and proper actions have been taken by the entity that he or she represents to authorize this transaction and the execution of this Note.

Balance of Page Blank
Signature Page Follows

KOOSHAREM CORPORATION,
a California corporation, "Promisor"

By: _____

Paul J. Sorensen, *President*

@ CALIF STATE OF CALIFORNIA )
                             ) to-wit:
COUNTY OF SANTA BARBARA )

I, the undersigned, a Notary Public in and for the jurisdiction aforesaid, do hereby certify that **Paul J. Sorensen, as President of Koosharem Corporation,** whose name is signed to the foregoing Promissory Note, dated the 12th day of March, 2008, has acknowledged the same before me in my aforesaid jurisdiction.

Given under my hand this /2 day of March, 2008.

_____

Notary Public (SEAL)

My commission expires:          Notary registration number: 1580103

MAY 19, 2009

CHRISTI L. SCOTT
Commission # 1580103
Notary Public - California
Santa Barbara County
My Comm. Expires May 19, 2009

6

EXHIBIT
B

COPY

## Bill of Sale

This Bill of Sale, ("Bill of Sale") is executed and made on March 12, 2008 by and between: Unistaff, Inc., a Virginia corporation ("**Unistaff, Inc.**"); Unistaff, LLC, a Virginia limited liability company ("**Unistaff, LLC**");   Robert J. Davison ("R. Davison"); Helen P. Davison ("H. Davison") (R. Davison and H. Davison are together referred to as "**Davison**"); and, Koosharem Corporation, d.b.a. Select Staffing, a California corporation ("**Buyer**"). As used in this Agreement, the term "**Seller**" is understood and agreed to mean Unistaff, Inc. and Unistaff, LLC (individually or collectively).  This Bill of Sale reflects four separate transactions as set out in **Schedule 1** attached hereto and incorporated herein by reference. This Bill of Sale is complete, irrevocable, not subject to any contingencies or conditions, and binding on all parties, their respective heirs, assigns, and successors in interest.

A.     In consideration of a total of Three Million Two Thousand Five Hundred Dollars ($3,002,500.00) (the "Purchase Price") effective on March 17, 2008 (the "Effective Date"):

     1.     Unistaff, Inc. hereby conveys, remises, releases, and quitclaims to Buyer, all of its  right, title, and interest in and to the personal property described in **Schedule 2** attached hereto and incorporated herein by reference (the "Property").

     2.     Unistaff, LLC hereby conveys, remises, releases, and quitclaims to Buyer, all of its right, title, and interest in and to the personal property described in **Schedule 2** attached hereto and incorporated herein by reference.

     3.     Unistaff, LLC and Unistaff, Inc. will sublet the leases listed in **Schedule 3** (the "Leases") to Buyer under the same terms and conditions contained in the Leases. , Buyer shall defend, indemnify, and hold harmless Davison and Seller and Seller's affiliates, directors, officers, and employees for any and all losses, liability, expense, and claims for damage of any nature whatsoever arising out of or from the Leases.  Buyer shall pay Seller  prorated rent for the month of March 2008 as of the Effective Date.

     4.     Except for the Property of Seller and Davison set forth in paragraphs A(1) through A(3), above, no other asset of Seller or Davison is being sold, transferred, or assigned to Buyer, including but not limited to: the Workers Compensation Collateral Account; R. Davison's office chair; Davison's computers; Davison's cell phones; R. Davison's 2004 Lexus GX 470; the Temporary Services Insurance Limited ("TSIL") reserve account, interests in TSIL (which are owned by Davison), any other asset or right arising out of or in any way related to TSIL; any accounts receivable or other amount due to Seller; prepaids of Seller; any receivables between Unistaff, Inc. and Unistaff, LLC; Seller's cash on hand as of the date of this Bill of Sale; and, any other current asset of Seller (the "Excluded Assets").

B.     Buyer shall pay the Purchase Price simultaneously with the execution of this Bill of Sale on March 12, 2008, as follows:

a.  Buyer hereby delivers to Seller and Davison One Hundred Fifty Thousand Dollars ($150,000.00) in immediately available funds (**"Cash Portion"**), payable to those parties and in those amounts set out in **Schedule 1**.

b.  Buyer hereby delivers to Seller and Davison in the amounts set out in **Schedule 1** the Subordinated Promissory Note attached hereto as **Exhibit A** (the "Note") for the balance of the Purchase Price equal to Two Million Eight Hundred Fifty-two Thousand Five Hundred Dollars ($2,852,500.00).

c.  The Note is subject to the terms of that certain "Subordination Agreement" attached hereto as **Exhibit B**.

C.    Seller agrees to defend, indemnify, and hold harmless Buyer and Buyer's affiliates, directors, officers, and employees for any and all losses, liability, expense, and claims for damage of any nature whatsoever ("Liabilities"), which Buyer may incur, suffer, or become liable for, or which may be asserted against Buyer, as a result of the acts, efforts, or omissions of Seller or Seller's employees prior to the Effective Date, including but not limited to property damage, third party claims, and/or work-related injuries suffered as an individual. If Buyer has a potential claim for Liabilities ("Claim"), Buyer may escrow payments for the Claim only as provided in the Note.

D.    Except as provided above with respect to the Leases, Buyer shall not assume or become liable for any obligations, commitments, or liabilities of Seller related to the Property or Leases, including, without limitation, any liability relating to Seller's business, sales, or use tax relating to Seller's use and ownership of the Property prior to the Effective Date.

E.    Buyer agrees to defend, indemnify, and hold harmless Seller and Seller's affiliates, directors, officers, and employees for any and all losses, liability, expense, and claims for damage of any nature whatsoever, which Seller may incur, suffer, or become liable for, or which may be asserted against Seller, as a result of the acts, efforts, or omissions of Buyer or Buyer's employees on or after the Effective Date, including but not limited to property damage, third party claims, and/or work-related injuries suffered as an individual

F.    THE DESCRIBED PROPERTY IS SOLD "AS-IS" WITHOUT ANY WARRANTIES, EXPRESS OR IMPLIED, AS TO THE CONDITION OF SUCH PROPERTY. BY ACCEPTING THIS BILL OF SALE, BUYER REPRESENTS THAT BUYER HAS PERSONALLY INSPECTED THE DESCRIBED PROPERTY AND ACCEPTS THE PROPERTY "AS-IS."

G.    All notices, requests, demands, and other communications required by this Agreement shall be in writing and shall be (a) delivered in person or by courier, (b) mailed by first class registered or certified mail, or (c) delivered by facsimile transmission or electronic mail, to the following addresses, or to such other address as a

party may designate to the other in writing:

> If to Seller:        Unistaff, Inc. or Unistaff, LLC
> Or to Davison        c/o Mr. and Mrs. Robert J. Davison
>                      14510 Kenmont Drive
>                      Midlothian Virginia 23113
>                      Attention: Helen Davison
>                      E-mail: helen.davison@comcast.net
>
> If to Buyer:         Koosharem Corporation, dba Select Staffing
>                      3820 State Street
>                      Santa Barbara, CA 93105
>                      Attention: Stephen Biersmith
>                      E-mail: _____

If delivered personally or by courier, the date on which the notice, request, instruction, or document is delivered shall be the date on which the delivery is made, and if delivered by facsimile transmission, mail, or electronic mail as aforesaid, the date on which the notice, request, instruction, or document is received shall be the date of delivery.

H.      This document has been delivered and accepted in the Commonwealth of Virginia. If there is a lawsuit, the parties agree that the proper jurisdiction and venue of any such lawsuit shall be the courts of the Commonwealth of Virginia, and this document shall be governed by and construed in accordance with the internal laws of the Commonwealth of Virginia. Any jury trial in any action, proceeding, or counterclaim brought by any party shall be brought in a Federal or state court located in the Commonwealth of Virginia.

I.      This Bill of Sale may be executed in multiple counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument binding on the parties even though the parties are not signatories to the original or the same counterpart. The parties agree that this Bill of Sale and any document referenced in or attached to this Bill of Sale may be transmitted between them via facsimile machine or other electronic means; and, the parties intend that the electronically transmitted signatures constitute original signatures and that an electronically transmitted Bill of Sale containing signatures (whether original or otherwise) of all the parties is binding on the parties.

J.      Each individual executing this document on behalf of an entity agrees, represents, and warrants that he or she has been authorized to execute this document and that all necessary and proper actions have been taken by the entity that he or she represents to

3

authorize this transaction and the execution of this Bill of Sale, and all other documents referenced in or attached to this Bill of Sale.

K.     For information purposes only, R. Davison and H. Davison are executing Consulting Agreements with Buyer attached hereto and incorporated herein as **Exhibit C** and **Exhibit D**, respectively; and, the parties are executing an Escrow Agreement with Freed & Shepherd, P.C. as Escrow Agent attached hereto and incorporated herein as **Exhibit E**.

Balance of Page Blank
Signature Pages Follow

In witness whereof, the parties have executed this Bill of Sale on March 12, 2008.

**UNISTAFF, INC., A VIRGINIA CORPORATION**

BY: ROBERT J. DAVISON                              3/12/08
PRESIDENT                                          DATE

**UNISTAFF, LLC, A VIRGINIA LIMITED LIABILITY COMPANY**

BY: ROBERT J. DAVISON                              3/12/08
MANAGER                                            DATE

ROBERT J. DAVISON                                  3/12/08
AN INDIVIDUAL                                      DATE

HELEN P. DAVISON                                   3/12/08
AN INDIVIDUAL                                      DATE

**KOOSHAREM CORPORATION, A CALIFORNIA CORPORATION
D.B.A. SELECT STAFFING**

PAUL J. SORENSEN                                   DATE
PRESIDENT

In witness whereof, the parties have executed this Bill of Sale on March 12, 2008.

**UNISTAFF, INC., A VIRGINIA CORPORATION**

BY: ROBERT J. DAVISON                    3/12/08
PRESIDENT                                     DATE

**UNISTAFF, LLC, A VIRGINIA LIMITED LIABILITY COMPANY**

BY: ROBERT J. DAVISON                    3/12/08
MANAGER                                      DATE

ROBERT J. DAVISON                        3/12/08
AN INDIVIDUAL                               DATE

HELEN P. DAVISON                         3/12/08
AN INDIVIDUAL                               DATE

**KOOSHAREM CORPORATION, A CALIFORNIA CORPORATION**
**D.B.A. SELECT STAFFING**

PAUL J. SORENSEN                         3/12/08
PRESIDENT                                     DATE

Schedule 1 – to Bill of Sale

Total Payments of Consideration, Compensation, and Allocations

### Schedule 1 to Bill of Sale - Unistaff, Davison, & Select
### Total Payments of Consideration, Compensation, & Allocations
Attached to Bill of Sale made on March 12, 2008

rev. 20080312

| | New Total | LLC | Corp | Bob | Helen | |
|---|---|---|---|---|---|---|
| Consulting Agreements - Bonus | $922,500 | $0 | $0 | $461,250 | $461,250 | |
| Consulting Agreements - Compensation | $160,000 | $0 | $0 | $80,000 | $80,000 | |
| Total Consulting | $1,082,500 | $0 | $0 | $541,250 | $541,250 | 0 |
| #2 Sale of Assets:      Furn & Equipment | $3,002,500 | $1,801,500 | $1,201,000 | $0 | $0 | |

**Payment for Sale of Assets**

| | | |
|---|---|---|
| Cash          12-Mar-08 | $150,000 | |
| Note: | | |
| Paid March 17, 2008 | $465,000 | <- changed |
| Balance of Note payments | $2,387,500 | <- changed |
| Total Note | $2,852,500 | |
| **Total Payments** | **$3,002,500** | |

Additional Payments on March 17, 2008

| | |
|---|---|
| Consulting Agreeement Bob | $6,667 |
| Consulting Agreeement Helen | $6,667 |
| March rent 3/17 to 3/31 | $7,809 |
| **Total Add'l payments - 3/17/08** | **$21,143** |

7

**Schedule 2 – to Bill of Sale**

**Assets**

With the exception of the Excluded Assets, all of Unistaff, Inc.'s and Unistaff, LLC's furniture, fixtures and equipment including but not limited to any computers, printers, servers or information systems complete with existing software and data, file cabinets, conference room tables and chairs at the following locations:

**Culpeper:** 118 W. Cameron Street, Culpeper, VA 22701

**Fredericksburg:** 1810 Stafford Avenue, Fredericksburg, VA 22401

**Harrisonburg:** 2870-A S Main Street, Harrisonburg, VA 22801

**Tappahannock:** 628 Charlotte Street, Tappahannock, VA 22560

**Winchester:** 1863 S Pleasant Valley Rd, Winchester, VA 22601

**Richmond** (branch and corporate office): 4914 Radford Avenue, #101, Richmond, VA 23239

**Colonial Heights:** 400B Southpark Blvd., Colonial Heights, VA 23834.

## Schedule 3 – to Bill of Sale

### Leases for the following locations:

**Culpeper:** 118 W. Cameron Street, Culpeper, VA 22701

**Fredericksburg:** 1810 Stafford Avenue, Fredericksburg, VA 22401

**Harrisonburg:** 2870-A S Main Street, Harrisonburg, VA 22801

**Tappahannock:** 628 Charlotte Street, Tappahannock, VA 22560

**Winchester:** 1863 S Pleasant Valley Rd???, Winchester, VA 22601

**Richmond** (branch and corporate office): 4914 Radford Avenue, #101, Richmond, VA 23239

**Colonial Heights:** 400B Southpark Blvd., Colonial Heights, VA 23834.

### Other leases, contracts, or agreements:

### Other leases, contracts, or agreements:

- Cottrell Communications Maintenance Agreement dated March 30, 2006
- Rioch Copier Lease
- US LEC of Virginia d/b/a Paetec Business Services Service Agreement dated June 6, 2007, as amended
- VCG, LLC Software Service Agreement effective January 1, 2008



EXHIBIT

C

**HELEN AND ROBERT DAVISON**
**14510 KENMONT DRIVE**
**MIDLOTHIAN VIRGINIA 23113**

June 18, 2009

*via facsimile to 805.898.7111 and*
*US Mail - Certified, Return Receipt Requested*

D. Stephen Sorensen
Koosharem Corporation dba Select Staffing
3820 State Street
Santa Barbara CA 93105

*via facsimile to 805.898.7111 and*
*US Mail - Certified, Return Receipt Requested*

Stephen Biersmith
Koosharem Corporation dba Select Staffing
3820 State Street
Santa Barbara CA 93105

Gentlemen:

The payment of $322,414.98 pursuant to the note dated March 12, 2008 ("Note") made by Koosharem Corporation was due on June 17, 2009. It has not been received. In addition to the payment of $322,414.98:

1. You owe us per diem interest on the $322,414.98 of $62.69 per day from June 17, 2009, until paid;

2. If the 322,414.98 is not paid by June 27, 2009, you will owe us a 10% late payment charge of $32,241.49; and,

3. You owe us our attorney fees involved in this collection.

Please note that the Note is payable without offset or deduction, that an Event of Default will occur on July 2, 2009, and that we will wait until that date before instituting any legal action.

We are sorry to have to take this action, but your failure to pay and your prior notice leave us no other alternative.

Please note that this letter: does not constitute a waiver of any of our rights nor an election of any of our remedies, all of which we preserve; nor does it constitute an acceleration of the Note.

HELEN AND ROBERT DAVISON

D. Stephen Sorensen
Stephen Biersmith
Koosharemn Corporation dba Select Staffing
June 18, 2009
Page 2

Very truly yours,

Robert J. Davison
Individually and on behalf of
Unistaff, LLC and Unistaff, Inc.

Helen P. Davison
Individually and on behalf of
Unistaff, LLC and Unistaff, Inc.

cc: Robert L. Freed, Esquire