

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Virginia

UNISTAFF, INC.,
et al.,

    Plaintiffs,

v.                                     Civil Action No. 3:09cv431

KOOSHAREM CORP.,

    Defendant.

### MEMORANDUM OPINION

This matter is before the court on the Defendant's Motion to Dismiss the Complaint for Improper Venue (Docket No. 4). For the reasons set forth below, the motion will be granted.

### BACKGROUND

On March 12, 2008, the Plaintiffs and the Defendant entered into a contract by which the Defendant agreed to purchase the Plaintiffs' business, consulting services, and seven scattered pieces of Virginia real estate,[1] located in Colonial Heights, Culpepper, Fredericksburg, Harrisonburg, Richmond, Tappahannock, and Winchester. Pl. Mem. ¶ 10; see also id. Exh. B. Pursuant to the agreement, the Defendant executed a promissory note ("the

---

[1] Although the Complaint does not explicitly so state, it appears that this transaction was a sale of business assets from one staffing company to another. The Defendant does business as "Select Staffing." According to Selectstaffing.com, which is registered to the Koosharem Corporation, the Defendant still does business at the seven Virginia locations.

Note") totaling $2,852,500, payable to the Plaintiffs in quarterly installments. Id. ¶ 11; see also Exh. A. The Note provides that, in the event of a lawsuit, "the proper jurisdiction and venue of any such lawsuit shall be the courts of the Commonwealth of Virginia." Id. Exh. A.

The Defendant appears to have made acceptable payments until June 17, 2009, on which date it allegedly failed to make a payment when due. Id. at 12. The Plaintiffs then notified the Defendant on the following day, June 18, "that an Event of Default would occur on July 2, 2009" if they were not paid by then. Id. Exh. C. No payment was made, and this action followed.

Count I of the Complaint alleges a claim for breach of contract. According to the Promissory Note, the Plaintiffs are entitled to recover interest, late fees, and attorney's fees upon default. Id. Exh. A. Count II alleges Unjust Enrichment, upon the same facts and requesting similar relief.

The Court has jurisdiction pursuant to 28 U.S.C. § 1332. The Plaintiffs are all citizens of Virginia, and the Defendant is a citizen of California, and the amount in controversy exceeds $75,000. Virginia law governs the current dispute, as specified in the Note (id. Exh. C).

2

Neither the merits nor the legal sufficiency of the Plaintiffs' claims are presently at issue. In lieu of filing an answer, on August 17, 2009, the Defendants filed a Motion to Dismiss on the singular basis of improper venue. Def. Mot. at 1. Thus, the propriety of venue in a federal district court sitting in Virginia, as opposed to a Virginia state court, is the only issue for decision.

## DISCUSSION

### Standard of Review

Recent Fourth Circuit precedent dictates that it is proper to seek dismissal under Fed. R. Civ. P. 12(b)(3) when the basis for the requested dismissal is a forum selection clause that dictates an alternate venue. Sucampo Pharmaceuticals, Inc v. Astellas Pharma, Inc., 471 F.3d 544, 550 (4th Cir. 2006) (considering and rejecting approaches using Fed. R. Civ. P. 12(b)(1) "lack of subject-matter jurisdiction" and 12(b)(6) "failure to state a claim" provisions). Accord Silo Point II LLC v. Suffolk Construction Co., 578 F. Supp. 2d 807, 809 (D. Md. 2008). Unlike the Rule 12(b)(6) analysis, under Rule 12(b)(3) a court may "freely consider evidence outside the pleadings," id. (quoting Sucampo, 471 F.3d at 550); furthermore, "the pleadings are not accepted as true." Id.

The Defendants contend that "the *only* proper venue for actions arising under the Note is in a court 'of the Commonwealth of Virginia.'" Def. Brief at 2 (emphasis added). The Plaintiffs, relying primarily on Sandy Spring Bank v. Advanced Syustem Services, Corp., 2009 U.S. Dist. LEXIS 27288 (E.D. Va. Mar. 30 2009), argue that the forum selection clause does not bar the present action because the clause does nothing more than require both parties to submit to the jurisdiction of Virginia courts if either party sues there. Pl. Mem. at 2-3.[2]

Resolving this dispute requires the Court to determine whether the forum selection clause is permissive or mandatory; i.e., whether it simply lists one acceptable forum among many, or whether it defines the only place where either party may sue. Eisaman v. Cinema Grill Sys., 87 F. Supp. 2d 446, 449 (D. Md. 1999); see also S&D Coffee, Inc. v. GEI Autowrappers, 995 F. Supp. 607, 609 (M.D.N.C. 1997). If the clause is permissive, that ends the matter. As the Plaintiff sets forth in the Complaint, the statutory venue requirements of 28 U.S.C. § 1391(a) are otherwise met. Compl. ¶ 7. Thus, in the absence of

---

[2] The Plaintiffs do not argue, as others have in other cited decisions, that the phrase "of the Commonwealth" should be read broadly, to include a federal court sitting in Virginia as well as Virginia state courts. See Ferri Contracting Co. v. Town of Masontown, 2003 U.S. App. LEXIS 1992, at *4 (4th Cir. Sept. 29, 2003) (noting a split in cases interpreting forum selection clauses that require suit be filed in the courts "of" a particular state, and finding the weight of authority to support an interpretation restricting venue to state court).

a forum-selection clause mandating that the parties may only sue in Virginia state court, venue is proper in this Court.[3]

If the forum selection clause is mandatory, the Court must determine what, precisely, the clause mandates. As the Fourth Circuit observed in Ferri, 2003 U.S. App. LEXIS 1992, at *2-4, the forum selection clause may be categorized as either (1) designating geography or (2) implicating sovereignty. If the clause merely "imposes a geographic limit" (i.e., it specifies courts in Virginia as opposed to courts in California), then the motion before the court must be denied, because this Court obviously sits in Virginia. Id. at 3. If, on the other hand, the "clause is stated in terms of sovereignty, it is more

---

[3] Two tangential lines of argument could bear upon this issue but were not raised by either party. First, a district court may have discretion not to apply the forum selection clause if venue is proper under 28 U.S.C. § 1391(a). Hipage Co. v. Access2Go, Inc., 589 F. Supp. 2d 602, 608-09 (E.D. Va. 2008) (noting that the facts of Sucampo, the case in which the Fourth Circuit decided upon Rule 12(b)(3) as the proper mechanism for moving to dismiss pursuant to a forum selection clause, indicate that venue would have been improper anyway under § 1391(a)). Thus, "a forum selection clause does not necessarily trump the framework of 28 U.S.C. § 1391(a)." Id. at 609. However, the Plaintiffs have not challenged the enforceability of the forum selection clause, nor have they set forth any basis upon which the clause may be rendered unenforceable.
Second, there is some question as to which law governs the enforceability of the forum selection clause: Virginia state law or federal common law. Cf., McWilliams, Murphy & Associates v. Heart & Vascular Clinic of Northern Colorado, 2008 U.S. Dist. LEXIS 92642 at *6-7 (M.D.N.C. 2008) ("Both parties have implicitly assumed that federal law controls the decision in this case . . . . However . . . that is not yet certain."). Neither party in this case has raised the issue, nor have they raised any reason that would suggest the application of state law, as opposed to federal law, would have any significance to this case. And, as mentioned above, the Plaintiffs have not asserted that the forum selection clause does not apply.

restrictive and requires that actions be filed in the courts of the state sovereign, *i.e.*, in the state court." Id. at 3-4.

The issue presented is one of contract interpretation. Thus, the starting point is the language used by the parties because that language reflects their intent and their agreement. Of course, the words used by the parties are to be given their plain and usual meaning unless the contract supplies some other meaning. Landmark HHH, LLC v. Gi Hwa Park, 277 Va. 50, 55, 671 S.E.2d 143, 146 (2009). If the contract language is not ambiguous, it is to be given effect.

Here, the contract provides that in the event of "a lawsuit, Promisee and Promisor agree that *the proper* jurisdiction and *venue* of any such lawsuit *shall be* the *courts of the Commonwealth of Virginia*." Compl. Exh. A (emphasis added).

**The Forum Selection Clause is Mandatory, Not Permissive**

If a forum selection clause is "mandatory," it contains some language requiring that "the designated courts are the only ones which have jurisdiction." Eisaman, 87 F. Supp. 2d at 450 (citations omitted). Words such as "shall," "only" or "exclusive" are often indicators that a clause is mandatory rather than permissive. Id.; see also McWilliams, Murphy & Associates v. Heart & Vascular Clinic of Northern Colorado, 2008

6

U.S. Dist. LEXIS 92642 at *6-7 (M.D.N.C. 2008). The <u>McWilliams</u> court noted that while "shall" is often used in the context of mandatory clauses, "'some further language indicating . . . intent to make jurisdiction exclusive' is required to make a forum selection clause a mandatory one." <u>Id.</u> at 6-7.

The Plaintiffs argue (Pl. Mem. at 2) that the absence of language such as "exclusive" or "only" renders the forum selection clause permissive rather than mandatory. But that is not so. The Plaintiffs' proposition that, "without such language [e.g., 'exclusive' or 'only'], a forum-selection clause is permissive" misses the mark. A clause's mandatory nature may be expressed in a variety of ways. There is no talismanic word, or set of words, the absence of which renders a clause permissive rather than mandatory. Rather, the key is that the language used, whatever it may be, indicates the parties' intent to specify a particular venue as the situs for resolution of their disputes. <u>McWilliams</u>, 2008 U.S. Dist. LEXIS 92642 at *6-7.

Here, the contract uses the term "shall" when specifying the venue for dispute resolution. And, "shall" is most often a mandatory term.

Perhaps recognizing that "shall" is usually considered mandatory language, the Plaintiffs also contend that, "even if

the forum-selection clause has language that is mandatory, there has to be explicit language making the jurisdiction the exclusive jurisdiction where an action may be brought." Id. at 3. The Plaintiffs see no such explicit language of exclusivity.

To the contrary, the clause, when read as a whole, is plainly mandatory. In addition to employing the term "shall," the mandatory nature of the venue selection is underscored by the use of "the" to modify the venue that is "proper." If the clause described Virginia courts as "a proper forum" or "one proper forum," that would render it permissive. But, the clause articulates "the" proper forum, not a proper forum or even a preferred forum. In so doing, the clause specifies a singular forum and that further demonstrates its mandatory nature.

The word "proper," although not emphasized by the parties in their briefs, also bears upon the meaning of the phrase. If the clause had stated, for example, "the preferred," or "the primary" forum shall be Virginia court, it could have a less-than-mandatory meaning.[4] But, by stating "the" venue that is "proper," the clause necessarily implies that other venues would be *improper*.

---

[4] If, on the other hand, it had used a phrase such as "the only," or "the exclusive," it would have an even more clearly mandatory meaning than it does as written, and would be less susceptible to arguments for alternative interpretation. Using such language might have considerably decreased the time spent addressing this issue by both parties and the Court.

Where the text of the forum selection clause is measured against the plain and usual meaning of the operative words, "shall" and "the proper," it is clear that the selected venue is mandatory, not permissive. The next task is to ascertain the venue that the parties selected as the mandatory situs for resolution of lawsuits between them.

**The Forum Selection Clause Specifies The Courts of the Commonwealth of Virginia as the Proper Venue**

The answer to that question too is found in the plain and ordinary text chosen by the contracting parties. They unambiguously chose to specify "the courts of the Commonwealth of Virginia." The term "of" is a preposition, the plain and usual meaning of which connotes a possessory relationship. <u>Silo Point</u>, 578 F. Supp. 2d at 810-11. The courts "of the Commonwealth of Virginia" are courts chartered by a specified sovereign (the Commonwealth of Virginia) and operated under its auspices. "Of" does not usually bespeak a geographical situs when used in conjunction with a term of sovereignty as it is here.

A venue choice tethered to geography would be identified by use of the preposition "in," the plain and usual meaning of which connotes place or situs. The decision not to use the term "in" rather clearly indicates that the parties did not consider

9

venue to be a matter of geography. Perhaps, if the text of the clause had spoken in geographic terms, for instance, "courts in Virginia," the chosen language would be geographic or, perhaps, ambiguous.

However, the parties did not thusly define their selected venue. They chose the "courts of" a sovereign entity, "the Commonwealth of Virginia." Their choice must be given effect.

Although the Fourth Circuit has not definitively stated that this specific phrasing of a forum-selection clause limits litigation to state court, Ferri strongly suggests as much.[5] Furthermore, district courts within the Circuit have specifically ruled that such a clause prohibits filing suit in federal court. See, e.g., Silo Point, 578 F. Supp. 2d at 810 (finding that a clause using "courts of the [state]" was "unambiguously expressed in terms of sovereignty and therefore exclude[d] federal courts").

And, as Silo Point further noted, id. at 810-11, "[t]he term 'of' is commonly used in clauses to refer to sovereignty and has been defined as 'denoting that from which anything proceeds; indicating origin, source, descent'" (citations omitted). In this action, the phrase "courts *of* the state of

---

[5] 2003 U.S. App. LEXIS 19992 at *3-4 (citing numerous "courts of the [state]" clauses for the proposition that sovereignty-implicating clauses require litigation in state court).

10

Virginia" as "courts *originating in* the state of Virginia," operates to exclude federal courts. Thus, the forum selection clause is read to mandate that lawsuits be adjudicated by Virginia state courts.

## CONCLUSION

For the foregoing reasons, the DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR IMPROPER VENUE (Docket No. 4) is granted without prejudice to the filing of an action in the proper court of the Commonwealth of Virginia.

It is SO ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 7, 2009